# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GORDIANO VERGARA, | CASE NO. 1:08-cv-00609-LJO-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| D. DATRAY, et al., | |
| Defendants. | (Doc. 1) |
| / | RESPONSE DUE WITHIN THIRTY DAYS |

**I.  Screening Order**

Plaintiff Luis Gordiano Vergara ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  Plaintiff filed his complaint on May 2, 2008.  (Doc. 1.)  Plaintiff's complaint is presently before the Court for screening.

**A.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.   Pleading Requirement- Rule 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### C.   Summary of Plaintiff's Complaint

Plaintiff is currently a federal prisoner at Coleman Federal Correctional Complex in Coleman, Florida. Plaintiff was formerly imprisoned at United States Penitentiary-Atwater, in Atwater, California, where the acts he complains of occurred. Plaintiff names as defendants:

Unit Manager Orosco; Lieutenants D. Datray and Cobbs; and Officers Cole, Silva, and Shank.

Plaintiff alleges the following. Plaintiff had contacted Orosco both verbally and by writing that there was a problem with Plaintiff's presence in Unit 3-A. Other inmates wanted Plaintiff to participate in illegal activities, and Plaintiff refused. These inmates threatened to harm Plaintiff. Plaintiff requested a move from 3-A to 3-B. After receiving no assistance from Orosco, Plaintiff informed Datray, Cobbs, and Cole of his situation. Datray and Cobbs told Orosco, but Orosco refused to move him. (Doc. 1, pp. 2, 5.)

On April 13, 2007, Plaintiff was severely assaulted by several inmates in front of a guard tower. Other correctional officers failed to respond properly to this situation. (Id.)

Plaintiff claims a failure to protect in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

### D. Discussion

#### 1. *Eighth Amendment - Failure to Protect*

To state a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions are identical save for the replacement of a state actor under § 1983 with federal actor under Bivens).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250; see Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's

safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Plaintiff alleges that he informed Datray, Cobbs, Cole, and Orosco of the threats he received from certain inmates because of his refusal to participate in illegal activities. Plaintiff requested a move to a different unit, but no such move occurred. Plaintiff subsequently suffered a severe assault at the hand of several inmates. (Doc. 1, pp. 2, 5.) Plaintiff has stated a cognizable Eighth Amendment claim under Bivens against Datray, Cobbs, Cole, and Orosco.

Plaintiff names Silva and Shank as defendants, but fails to link any affirmative act or omission by them to an alleged violation of Plaintiff's federal rights. Plaintiff thus fails to state a Bivens claim against Silva and Shank.

## II.  Conclusion

Plaintiff has stated a cognizable claim against defendants Datray, Cobbs, Cole, and Orosco under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff fails to state any other cognizable claims against any other defendants. For the reasons set forth above, Plaintiff is given leave to file an amended complaint within thirty days.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendants Datray, Cobbs, Cole, and Orosco, Plaintiff may so notify the Court in writing. The Court will then issue a Findings and Recommendations recommending that Defendants Silva and Shank be dismissed from this action, and will forward Plaintiff four summonses and four USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend his complaint, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.

1  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

2      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
3  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal
4  rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the
5  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
6  ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

7      Plaintiff is further advised that an amended complaint supercedes the original complaint,
8  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
9  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
10 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an
11 original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d
12 at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord
13 Forsyth, 114 F.3d at 1474.

14     Based on the foregoing, it is HEREBY ORDERED that:

15     1.    The Clerk's Office shall send Plaintiff a Bivens complaint form;

16     2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must
17     either:

18     a.    File an amended complaint curing the deficiencies identified by the Court
19     in this order, or

20     b.    Notify the Court in writing that he does not wish to file a amended
21     complaint and wishes to proceed only on the claims identified by the Court
22     as viable/cognizable in this order; and

23     3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure
24     to obey a court order.

25 IT IS SO ORDERED.

26 **Dated:   January 13, 2009**           **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE
27

28