# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GORDIANO VERGARA,<br><br>        Plaintiff,<br><br>   v.<br><br>D. DATRAY, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00609-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS<br><br>(Docs. 7, 8)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.     Findings and Recommendations Following Screening of Complaint**

Plaintiff Luis Gordiano Vergara ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed his complaint on May 2, 2008.  (Doc. 1.)

On January 14, 2009, the Court issued an order finding that Plaintiff's allegations give rise to cognizable claims for relief under <u>Bivens</u> against defendants Datray, Cobbs, Cole, and Orosco for violating Plaintiff's Eighth Amendment rights. (Doc. 7.) However, the Court found that Plaintiff's allegations do not give rise to any claims for relief against defendants Silva and Shank. (<u>Id</u>.) The Court ordered Plaintiff to either file an amended complaint or notify the Court that he wishes to proceed only on his cognizable Eighth Amendment claims. (<u>Id</u>.) On February 13, 2009, Plaintiff notified the Court that he does not wish to amend and wishes to proceed only on his cognizable Eighth Amendment claims. (Doc. 8.) Based on Plaintiff's notice, the instant Findings and Recommendations now issues.

1  A.      **Screening Requirement**

2  The Court is required to screen complaints brought by prisoners seeking relief against a
3  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
4  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
5  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
6  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
7  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
8  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
9  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
10  1915(e)(2)(B)(ii).

11  B.      **Pleading Requirement- Rule 8(a)**

12  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
13  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534
14  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a
15  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.
16  Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the
17  plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court
18  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts
19  that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a
20  plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
21  the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and
22  unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
23  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
24  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
25  .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal
26  pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490
27  U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply
28  essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

2

122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### C.  Summary of Plaintiff's Complaint

Plaintiff is currently a federal prisoner at Coleman Federal Correctional Complex in Coleman, Florida.  Plaintiff was formerly imprisoned at United States Penitentiary-Atwater, in Atwater, California, where the acts he complains of occurred.  Plaintiff names as defendants: Unit Manager Orosco; Lieutenants D. Datray and Cobbs; and Officers Cole, Silva, and Shank.

Plaintiff alleges the following. Plaintiff had contacted Orosco both verbally and by writing that there was a problem with Plaintiff's presence in Unit 3-A.  Other inmates wanted Plaintiff to participate in illegal activities, and Plaintiff refused.  These inmates threatened to harm Plaintiff.  Plaintiff requested a move from 3-A to 3-B.  After receiving no assistance from Orosco, Plaintiff informed Datray, Cobbs, and Cole of his situation.  Datray and Cobbs told Orosco, but Orosco refused to move him.  (Doc. 1, pp. 2, 5.)

On April 13, 2007, Plaintiff was severely assaulted by several inmates in front of a guard tower.  Other correctional officers failed to respond properly to this situation. (Id.)

Plaintiff claims a failure to protect in violation of the Eighth Amendment.  Plaintiff seeks monetary damages.

### D.  Discussion

#### 1.  *Eighth Amendment  - Failure to Protect*

To state a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor.  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions are identical save for the replacement of a state actor under § 1983 with federal actor under Bivens).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh,

prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250; see Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Plaintiff alleges that he informed Datray, Cobbs, Cole, and Orosco of the threats he received from certain inmates because of his refusal to participate in illegal activities. Plaintiff requested a move to a different unit, but no such move occurred. Plaintiff subsequently suffered a severe assault at the hand of several inmates. (Doc. 1, pp. 2, 5.) Plaintiff has stated a cognizable Eighth Amendment claim under Bivens against Datray, Cobbs, Cole, and Orosco.

Plaintiff names Silva and Shank as defendants, but fails to link any affirmative act or omission by them to an alleged violation of Plaintiff's federal rights. Plaintiff thus fails to state a Bivens claim against Silva and Shank.

## II. Conclusion

Plaintiff has stated a cognizable Bivens claim against defendants Datray, Cobbs, Cole, and Orosco for failure to protect in violation of the Eighth Amendment, but states no cognizable claims against defendants Silva and Shank. The Court provided Plaintiff with the opportunity to file an amended complaint but Plaintiff opted to proceed on the claims found to be cognizable by the Court.

//

//

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants Datray, Cobbs, Cole, and Orosco on Plaintiff's Eighth Amendment claims; and

2. Defendants Silva and Shank be dismissed from this action for Plaintiff's failure to state any claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)** days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 18, 2009**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE